## ROWELL *v.* SNODDY.

[No. 8,202. Filed February 17, 1914. Rehearing denied May 20, 1914. Transfer denied June 30, 1914.]

1. MINES AND MINERALS.—*Coal Mines.*—*Survey by Coterminous Owner.*—*Statutory Provisions.*—*Action for Penalty.*—Penal statutes are strictly construed, hence to recover the penalty provided by §§8599, 8600 Burns 1914, Acts 1903 p. 176, for failure to permit a coterminous landowner, or person interested in such land, to survey a coal mine on land with which his land is coterminous, plaintiff must show himself within the statute and that its substantial provisions have been violated.   p. 585.

2. APPEAL.—*Review.*—*Evidence.*—*Weight and Sufficiency.*—In an action to recover the penalty for failure to permit the survey of coal mines under §§8599, 8600 Burns 1914, Acts 1903 p. 176, the weight of the evidence was for the trial court and where there was some evidence to support its conclusion, the judgment will not be disturbed on the ground of insufficient evidence.   p. 585.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by Thomas Rowell against Samuel E. Snoddy. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*V. E. Livengood,* for appellant.

*O. P. Lewis,* for appellee.

IBACH, J.—Appellant, the owner of coterminous lands with those of appellee, brought this action to recover a statutory penalty from appellee for refusing to allow a survey to be made of his coal lands.

The sections of our statutes which bear upon the question presented by this appeal are §§8599, 8600 Burns 1914, Acts 1903 p. 176, as follows: 8599. "That the owner, tenant or occupant of any land or lands on which a coal mine is opened and operated, and also the person or persons owning or operating such mine, or the agent of any of them, shall permit any person or persons interested in or having title to any land or lands coterminous with the land or lands on which such mine is located, to have ingress and egress

together with surveyors and assistants, into such mine, for the purpose of measuring, exploring, and surveying such mine, for the purpose of ascertaining whether or not any coal has been, or is being, mined and taken from the lands so owned by such person or persons: it being provided that such survey and measurements shall be made not oftener than once a month and shall be made at the expense of the party making such measurements or survey." 8600. "Any owner, tenant, occupant, agent, or mine owner or operator, who shall refuse permission to permit such measurements, exploration or survey, as provided for in the last preceding section of this act, shall forfeit the sum of one hundred dollars for each refusal to the person so refused, which shall be collectible by suit in any court of competent jurisdiction in the state."

Penal statutes are always strictly construed, and to enable appellant to recover the penalty sued for, he must make it appear that the substantial provisions contained in 1. the foregoing statute have been violated. That is, he would be required to show that he owned lands coterminous with the lands in the possession and control of appellee, either as owner, tenant, occupant, or agent, and that the coal mine sought to be surveyed, was one that was open and being operated, such as is contemplated by the statute, and that at a reasonable time before he desired to enter some request had been made of appellee for a permit to enter his mine for the purpose of making such exploration, survey and measurements and that such permission had been refused. Upon these questions the evidence introduced at the trial, except as to control and ownership, was extremely conflicting. This court is therefore prevented from looking into the record to determine the question of the weight of the evidence. That is wholly a matter for the lower court, and since the court after considering the evidence introduced at the trial found for the appellee, and there being some evidence to support such

conclusion, we can not disturb it. There was no error in refusing to grant appellant's motion for new trial, upon the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law, and as this is the only error assigned, the judgment is affirmed.

NOTE.—Reported in 104 N. E. 90. See, also, under (1) 36 Cyc. 1183; (2) 3 Cyc. 360, 348.